FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 2:54 pm, Dec 22, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| STANLEY MALONE, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-65 |
| v. | |
| VERONA BAILEY; and TRAVONZA BOBBIT, in their official capacities, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Docs. 1, 1-1, 9.[1]  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1]  Plaintiff filed a Motion to Amend on October 30, 2020.  Doc. 9.  Plaintiff filed the Motion prior to the Court conducting frivolity review, and thus, Plaintiff could amend as a matter of right.  See Doc. 7.  The Motion contains additional facts and allegations but does not contain an amended complaint.  Thus, the Court **DENIES** Plaintiff's Motion to Amend.  However, the Court will consider the factual allegations contained both in his Motion to Amend, doc. 9, and his initial Complaint, doc. 1, collectively as "Plaintiff's Complaint."

**PLAINTIFF'S CLAIMS**[2]

Plaintiff alleges Defendants Bailey and Bobbitt violated his due process rights by removing him from Philips Transitional Center without cause. Doc. 1 at 4. Plaintiff was transferred to Phillips Transitional Center, but in June 2018, Defendant Bailey called a "false code" to security, which resulted in him being sent to Georgia State Prison. Id. at 5. Once Plaintiff arrived at Georgia State Prison, Plaintiff told Defendant Bobbit he had been forcibly sent from the Transitional Center back to the prison "without just cause." Id. Plaintiff contends his removal from the transitional center in and of itself violated his due process rights. Id.; Doc. 1-1 at 2–3. In support of his claims, Plaintiff states he should be on work release because his clemency release date on his inmate information page is "active." Doc. 9 at 2; Doc. 9-1 at 1. Additionally, Plaintiff sues Defendants because there was not a written disciplinary report and resulting investigation or hearing, contrary to the prison's Standard Operating Procedures, violating his due process rights. Doc. 1-1 at 2. Plaintiff complains his Social Security number is being illegally used but does not appear to make any attempt to hold Defendants responsible for its allegedly illegal use. Doc. 9 at 3–4. Plaintiff is suing Defendants in their official capacities and seeks monetary damages, as well as injunctive relief. Doc. 1 at 2, 6; Doc. 1-1 at 2.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Official Capacity Claims

Plaintiff is suing Defendants in their official capacities for monetary damages. Doc. 1 at 2. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a

lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections. The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.   Due Process Claims

Plaintiff brings two due process claims. First, Plaintiff contends Defendants violated his due process rights because they did not follow the prison's Standard Operating Procedures when removing him from the transitional center. Doc. 1 at 5; Doc. 1-1 at 2. Additionally, Plaintiff avers the removal itself from Phillips Transitional Center violated his due process rights. Doc. 1 at 5; Doc. 1-1 at 2–3.

### A.   Failure to Follow Standard Operating Procedures

According to Plaintiff, the prison's Standard Operating Procedures required a written disciplinary report and hearing before he could be removed from the transition center and failure to follow this procedure amounts to a violation of his due process rights. Doc. 1-1 at 2. "However, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted." Wilson v. Bussey, No. CV 113-054, 2014 WL 2040109, *5 (S.D. Ga. May 12, 2014) (citing Sandin v. Conner, 515 U.S. 472, 481–82 (1995) (noting that many prison regulations "are primarily designed to guide

4

correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates")). That is, violation of prison policies or procedures, standing alone, does not infringe upon an inmate's constitutional rights. See Fischer v. Ellegood, 238 F. App'x 428, 431 (11th Cir. 2007) (finding plaintiff's claim alleging defendants violated an internal jail policy was insufficient to survive summary judgment); see also Sandin v. Conner, 515 U.S. 472, 481–82 (1995) (holding prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); United States v. Caceres, 440 U.S. 741, 751–52 (1979) (holding mere violations of agency regulations do not raise constitutional questions). Thus, Defendants' failure to follow the prison regulations alone cannot form the basis for a § 1983 claim.

### B.     Removal from Transitional Center

Plaintiff states Defendants removed him from Phillips Transitional Center "without just cause," violating his due process rights. Doc. 1 at 5. As relief, he seeks to be transferred back to Phillips Transitional Center. Doc. 1-1 at 2. A Georgia prisoner, however, does "not have a liberty interest in parole, transitional centers, or work incentive credits." Biester v. Lanier, 249 F. App'x 782, 783 (11th Cir. 2007); see Meachum v. Fano, 427 U.S. 215, 225 (1976) (stating "the Due Process Clause [does not] in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."); Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008) (citing Meachum and Sultenfuss v. Snow, 35 F.3d 1494, 1499–

1503 (11th Cir. 1994)), for the proposition that "Georgia inmate has no liberty interest in parole"). Plaintiff cannot assert a due process claim based on his removal from a transitional center because he has no liberty interest in placement in a transitional center. Accordingly, I **RECOMMEND** the Court **DISMISS** all injunctive claims against Defendants in their official capacities under § 1983.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. To be clear, failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

7

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA