# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

STANLEY MALONE,

    Plaintiff,

v.

VERONA BAILEY; and WARDEN
TRAVONZA BOBBITT,

    Defendants.

CIVIL ACTION NO.: 6:20-cv-65

## O R D E R

On January 13, 2021, the Court conducted an independent and de novo review of the entire record and concurred with the Magistrate Judge's Report and Recommendation dismissing Plaintiff's Complaint in its entirety and closing the case. (Doc. 12.) At that time, the Court was not aware of any objections by Plaintiff to the Report. However, after the Court entered its January 13 Order, it received Plaintiff's Objections to the Magistrate Judge's Report, dated January 10, 2021. (Doc. 14.) Nevertheless, for the reasons explained below, the Court **OVERRULES** Plaintiff's Objections, the January 13, 2021 Order remains the order of the Court, and the case remains closed.[1]

The Magistrate Judge recommended the Court dismiss Plaintiff's Complaint because Plaintiff failed to state a claim. (Doc. 11, pp. 3–6.) The Magistrate Judge first recommended the dismissal of Plaintiff's claims against Defendants in their official capacities for monetary damages.

---

[1] Further, the Court **DIRECTS** the Clerk of Court to correct the docket in this case to reflect that Plaintiff's January 14, 2021 filing, (doc. 14), as "Objections to the Magistrate Judge's Report and Recommendation." While Plaintiff uses the term "Notice of Appeal" within the caption of his filing, it is clear from the full title he places on the document and the substance of the document that it is an Objection to the Report and Recommendation.

(Id., pp. 3–4.) Additionally, the Magistrate Judge recommended dismissal of Plaintiff's remaining claims in their entirety because Plaintiff failed to state a claim upon which relief may be granted. (Id., pp. 4–6.) Specifically, the Magistrate Judge found Defendants' alleged violations of his due process rights based on the prison's failure to follow their Standard Operating Procedures when removing him from Phillips Transitional Center, and the removal itself, did not state a claim. (Id.).

First, in his Objections, Plaintiff argues he should be able to pursue a claim against state officials in their official capacities when he seeks injunctive relief. (Doc. 14, p. 2.) However, the Magistrate Judge only recommended dismissal of Plaintiff's official capacity claims by which he sought monetary damages. (Doc. 11, pp. 3–4.) Thus, Plaintiff's Objections to the Magistrate Judge's recommendation to dismiss all claims for monetary damages against Defendants in their official capacities are without merit.

Next in his Objections, Plaintiff contends the Magistrate Judge incorrectly recommended dismissal of his due process claims. (Doc. 14, pp. 2–5.) Plaintiff argues the due process clause requires that disciplinary notices contain information specifying certain critical information about the alleged incident, relying on case law from the Eighth Circuit Court of Appeals. (Id., p. 3.) However, Eighth Circuit precedent is not binding on this Court. Further, Plaintiff's citations to cases discussing the rights of the criminally accused are irrelevant. (See id.). Plaintiff has not stated he was charged criminally but with violating prison policy while at the transitional center. (See Doc. 1, p. 5; Doc. 1-1, pp. 2–3.)

Plaintiff's arguments that the lack of written disciplinary reports in violation of the prison's standard operating procedures and his Eighth Amendment rights are equally unpersuasive. As the Magistrate Judge explained, a Georgia prisoner does "not have a liberty interest in parole, transitional centers, or work incentive credits." Biester v. Lanier, 249 F. App'x 782, 783 (11th Cir.

2007); see Meachum v. Fano, 427 U.S. 215, 225 (1976) ("[T]he Due Process Clause [does not] in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system.  Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.  That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."); Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008) (citing Meachum and Sultenfuss v. Snow, 35 F.3d 1494, 1499–1503 (11th Cir. 1994), for the proposition that "Georgia inmate has no liberty interest in parole")).  Plaintiff's lack of a constitutionally protected interest in placement in a transitional center or parole is critically important, because to make out a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must establish three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.  Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003); Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994).  Here, Plaintiff fails to meet the first element of a Section 1983 procedural due process claim; thus, his objections are unfounded.

Third, Plaintiff objects to the denial of leave to appeal *in forma pauperis*, (doc. 14, p. 6), but as the Magistrate Judge determined, Plaintiff does not have any non-frivolous claims or argument to raise on appeal.  Plaintiff has not shown any non-frivolous claims remain pending.  Therefore, the Magistrate Judge's recommendation to deny leave to appeal *in forma pauperis* was correct.  Finally, Plaintiff argues he has overcome the imminent danger exception to the "three strikes" rule.  (Id., p. 7.)  However, the Magistrate Judge did not recommend dismissal on these grounds and Plaintiff's objection is without merit.

Accordingly, the Court **OVERRULES** Plaintiff's Objections, the January 13, 2021 Order remains the order of the Court, and this case remains closed.

**SO ORDERED**, this 5th day of February, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA